UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DON ERIC MALINOWSKI,

            Plaintiff,            Case No. 2:16-cv-14492

v.                                  Hon. Sean F. Cox

MICHIGAN DEPARTMENT OF
CORRECTIONS,

            Defendant.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Don Eric Malinowski ("Plaintiff") has filed a *pro se* Complaint against "Michigan Department of Corrections Corizon Staff Medical Department." The Complaint states in full that it is seeking an "award judgment for pain and suffering, cruel and unusual punishment medical negligence failure to treat medical malpractice, additional permanent severe neurological damage due to deliberate indifference failure to diagnose and treat said needed back surgeries." Dkt. 1, at 3. Plaintiff was granted permission to proceed with this action *in forma pauperis*, without prepayment of the filing fee under 28 U.S.C. § 1915. After careful consideration, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss *sua sponte* complaints that are "(i) frivolous or malicious; (ii) fail[] to state a claim upon which relief may be granted; or (iii) seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Supreme Court has

1

defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

In his Complaint, Plaintiff claims that unidentified personnel within the Michigan Department of Corrections caused him physical harm in relation to medical care. Plaintiff's one-sentence claim, however, offers nothing more than labels and conclusions. "'[N]aked assertion[s]' devoid of 'factual enhancement'" fail to state a cause of action. See *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557). Plaintiff thus fails to state

a claim upon which relief may be granted. Therefore, Plaintiff's Complaint must be dismissed.

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is hereby **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that any appeal from this order would be frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). Therefore, leave to appeal *in forma pauperis* will be **DENIED**.


Dated: February 16, 2017                                s/Sean F. Cox
                                                        Sean F. Cox
                                                        U. S. District Judge


I hereby certify that on February 16, 2017, the foregoing document was served on counsel of record via electronic means and upon Don Malinowski via First Class mail at the address below:

Don Eric Malinowski 275416
MACOMB CORRECTIONAL FACILITY
34625 26 MILE ROAD
NEW HAVEN, MI 48048

                                                        s/J. McCoy
                                                        Case Manager